UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACTION TAPES, INC., a Texas corporation d/b/a Great Notions a/k/a Amazing Designs, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: |
| v. | § § | 3-05CV-1086P |
| JOHN VALENTINE  Defendant | § § § § | |

## ORIGINAL COMPLAINT

COMES NOW, Action Tapes, Inc., d/b/a Great Notions, a/k/a "Amazing Designs" (herein after referred to as "Plaintiff" or "Great Notions") and files its Complaint against JOHN VALENTINE (herein after referred to as "Defendant" or "VALENTINE") and would respectfully show the Court, as follows:

### NATURE OF THE ACTION

1. This is a complaint for copyright infringement and unfair competition. This action arises under 17 U.S.C. § 101 *et seq*, and 15 U.S.C. § 1125 *et seq*. Great Notions is also bringing this action to obtain an accounting, impose a constructive trust, and enjoin Defendant from future copyright infringement.

### THE PARTIES

2. Plaintiff, Action Tapes, Inc., d/b/a Great Notions, a/k/a Amazing Designs ("Great Notions") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

Original Complaint                                                                                    Page 1

3. Defendant JOHN VALENTINE is an individual who resides at 254 Raintree Road, Virginia Beach, VA 23452 may be served with process at that address or wherever he may be found.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is founded upon 28 U.S.C. §§1331, 1332(a)(1), and 1338(a). Additionally, this Court has subject matter jurisdiction over this matter pursuant to the Copyright Act, 17 U.S.C. §101 *et seq.*

5. This Court has personal jurisdiction over Defendant because the acts complained of herein occurred in this District. Defendant sold goods in an auction conducted on the Internet at http://www.ebay.com which were purchased from a buyer, an employee of Plaintiff Great Notions, located in Dallas County, Texas. The goods were shipped to the buyer at an address located in Dallas County, Texas, which is located within the Northern District of Texas. Defendant sent several electronic mail messages about the transaction to the buyer, who was located in his office at Great Notions in Dallas County, Texas when the electronic mail messages were received, read, and replied to. Defendant registered as a seller at http://www.ebay.com to sell goods to buyers located all around the world, including at least one sale to an actual buyer located in Dallas County, Texas.

6. Defendant operates auctions at ebay.com which solicits customers, receives orders and ships all around the world, including at least one sale to an actual buyer located in Dallas County, Texas.

7. This Court also has supplemental jurisdiction over Plaintiff's claims arising under the laws of Texas pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Great Notions' claims under federal law that they form part of the same case or

controversy and derive from a common nucleus of operative fact.

8. Venue is proper in the Dallas Division of the Northern District of Texas pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this division of the Northern District of Texas and a substantial part of property that is the subject of the action is situated in the Northern District of Texas.

## FACTUAL ALLEGATIONS

9. Great Notions, at a significant and extensive expense of money, time and effort, has created and developed unique art and character embroidery designs ("Designs"). At this time, there are approximately 25,000 such Designs. Great Notions continues to make a substantial investment of time, effort and expense in the development of its Designs. These designs are copyrightable subject matter under the laws of the United States.

10. Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. §101 and with all other laws governing copyrights, including the State of Texas. Plaintiff received from the Register of Copyrights, United States Copyright Office, a certificate of registration. Plaintiff is the sole proprietor of all rights, title, and interest in and to the copyright on the embroidery designs and software. Great Notions' Designs are primarily meant to be embroidered onto fabric and apparel, including, but not limited to such things as, fabric, linens, quilts, caps, coats, and shirts.

11. Great Notions distributes its Designs to two different markets: a "Commercial Market" and a "Home Market." This case is believed to only involve Designs created for the "Home Market." The Home Market is comprised of individuals who purchase the Designs for use on non-commercial "home sew" embroidery machines. Home Market purchasers generally acquire Great Notions' Designs by purchasing floppy discs, CDs,

and/or PCMCIA memory cards. Great Notions uses the trade name "Amazing Designs" for its Home Market Design sales.

12. For the Home Market, purchasers acquire the CDs, floppy discs, and/or PCMCIA memory cards, as well as a license to embroider the Designs, solely from Great Notions itself or from authorized Great Notions distributors (the "Purchase"). The Purchase does not give the buyer the right to copy, duplicate, resell, give, sub-license, loan, or otherwise distribute the copyrighted Designs contained on the CDs, floppy discs, and/or PCMCIA memory cards to others. The Purchase is subject to a software license agreement which accompanies every Purchase.

13. Each of the Great Notions Designs, CDs, floppy discs and PCMCIA memory cards are available only for the exclusive use of Great Notions and its licensees. Additionally, each CD, floppy disc and PCMCIA memory card, as well as each of the Great Notions Designs, have been copyrighted with the United States Copyright Office and the State of Texas and they are protected by the copyright laws of the United States, specifically 17 U.S.C. §§1, *et seq*. Thus, Great Notions is entitled to the exclusive rights and privileges in and to each of its copyrighted Designs.

14. Upon information and belief, prior to January 2005 and continuing thereafter through the date of filing the Original Complaint, Defendant maliciously and intentionally misappropriated and counterfeited or "Pirated" the designs owned by the Plaintiff to numerous Third Parties. The Defendant did not own the embroidery designs nor have lawful possession of the embroidery designs that they distributed and sold to Third Parties. Defendant's use of the copyrighted designs owned by Plaintiff in competition with the Plaintiff constitutes unfair competition in that the Defendant have a "free ride" because Defendant are not burden with little or none of the expense incurred by the

Plaintiff in the creation and production of the embroidery designs. Plaintiff has suffered damages as a result of the Defendant's actions.

15. Great Notions has never authorized Defendant to copy, reproduce, duplicate, trade, disseminate, sell, and/or otherwise distribute any of Great Notions' Designs. Great Notions has never authorized Defendant to copy, reproduce, duplicate, trade, disseminate, sell, and/or otherwise distribute any of Great Notions' Designs.

16. Upon information and belief, Defendant have copied, reproduced, duplicated, disseminated, sold and otherwise distributed copyrighted Designs belonging to Great Notions without Great Notions' consent, permission, license, or authorization.

17. Defendant have infringed upon Plaintiff's copyright by publishing and placing on the market the embroidery designs. Defendant willfully infringed upon Plaintiff's copyrighted works. Since January 2005 and continuously since that date, Defendant have been publishing, selling and otherwise marketing the embroidery designs and software of Plaintiff. Defendant have thus been engaging in unfair trade practices and unfair competition against the Plaintiff. This conduct has caused the Plaintiff irreparable damage.

18. Plaintiff owns the copyrights for the computer software text code that it creates, the embroidery designs that are created, and at times Plaintiff owns the copyright in the actual underlying graphic designs. A Visual Arts copyright for Amazing Designs Collection was copied by Defendant and contained on disks sold by Defendant to a consumer in January 2005, through www.ebay.com. This design collection has been filed with the United States Copyright Office. Defendant advertised the design collections as his works, yet in reality they were the works of Amazing Designs and not that of Defendant.

19. On information and belief the Plaintiff alleges that prior to January 2005 and continuing thereafter, after each auction at http://www.ebay.com. Defendant mailed to numerous consumers CDs containing software which was copyrighted by the Plaintiff. The individual consumers won the software in auctions conducted by Defendant. When the CDs were received by the consumers, they found that the CDs contained illegal copies of the Amazing Designs software, as opposed to new, original versions of the Designs. A Visual Arts copyright for Amazing Designs Collections were held by Plaintiff on the software copied by Defendant and contained on the disks sold by Defendant to a consumer, through www.ebay.com, said software has been filed with the United States Copyright Office. Further, it was filed with the State of Texas for copyright protection.

20. The consumers each demanded from Defendant original versions of the software they had purchased at eBay, Defendant declined to provide the purchasers with original versions of the software.

21. A Great Notions' employee placed a bid on the above listed auctions being conducted at http://www.eBay.com by a seller identified as Defendant. The Great Notions employee won the auction and paid the seller, using the Internet payment service, PayPal. PayPal indicated to Great Notions' employee that payment was made to an individual with the name of Defendant, who had an e-mail account that was controlled by Defendant.

22. The Great Notions' employee received the CD purchased by him from Defendant through the ebay auction. Upon examination, it was determined that the disk contained an illegal copy of Amazing Designs Embroidery Collections all of which have been properly submitted by the Plaintiff to the United States Copyright Office for a Visual Arts Copyright and copyrights have been issued on the Amazing Design Embroidery Collections contained on the disk received from Defendant.

23. The envelope containing the illegal copy of Great Notions' software that was received by the Plaintiff had as its return address, the same address as had previously been tied by eBay to the Defendant and the same address as had been on the return envelopes of the illegal copies of Great Notions' software previously purchased.

24. Upon information and belief the Plaintiff alleges that the Defendant have counterfeited or pirated hundreds of separate and distinct Amazing Designs Embroidery Collections on numerous occasions. Each collection contains 20 embroidery designs. The Defendant have misrepresented the origin of thousands separate and distinct designs copyrighted by the Plaintiff and will continue to misrepresent the origins and counterfeit these embroidery designs unless the Court intervenes and prohibits their actions. The damages that Plaintiff suffers escalates every day based on the Defendant continuing conduct.

25. Upon information and belief, the Defendant published the embroidery designs as their own and misrepresented the origin of the embroidery designs to Third Parties. The Defendant are competitors of the Plaintiff. The Defendant "palmed off" the Plaintiff's copyrighted embroidery designs as their own product in commerce. Thereby Defendant were attempting to unethically and intentionally steal Plaintiff's customers and potential customers from Plaintiff. Defendant's actions proximately caused damage to the Plaintiff. Plaintiff has suffered damages as a result of Defendant's intentional actions. Defendant's actions constituted violations of various fair competition and anti-trust laws of the United States. Specifically, by the publication and dissemination of false advertisement relating to the Defendant's competitor, Defendant practiced unfair or deceptive acts or practices relating to a competitor. Plaintiff has sustained injuries and damages that have been directly and proximately caused by Defendant wrongful misappropriation of Plaintiff's advertising ideas and style of doing business and infringement of Plaintiff's copyrights, titles, and slogans.

26. Such dissemination in Defendant's advertising was misleading in a material respect as to the origin of Defendant and/or Plaintiff's embroidery designs. The misleading advertising was for the purpose of inducing or which is likely to induce customers or potential customers to purchase Defendant's counterfeit embroidery designs as original designs. Defendant's dissemination of the false advertisement was in, or had an effect upon, commerce in the United States. Defendant induced customers and potential customers to purchase the counterfeit designs from Defendant by informing them that the Defendant owned the embroidery designs or had lawful possession of the embroidery designs. Defendant had knowledge of the registered copyrights of the Plaintiff. Plaintiff has suffered damages proximately caused by Defendant's actions and conduct in an amount in excess of $1,000,000.00.

27. Upon information and belief, the Defendant intentionally, willfully, and maliciously published the false and misleading information relating to the Plaintiff's registered copyrighted designs. Defendant's intent was to cause harm to Plaintiff and steal their customers and/or potential customers. Plaintiff has suffered damages as a result of Defendant's actions and interference.

28. By doing one or more of those things, Defendant have committed and is continuing to commit acts of copyright infringement against Great Notions. Further, Defendant's acts have been and continue to be willful, deliberate, and committed with prior notice and knowledge of Plaintiff's copyrights. At a minimum, Defendant have been and continues to be willfully blind and have acted and continues to act in reckless disregard of Plaintiff's registered copyrights. Defendant conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendant have acted with willful blindness to and in reckless disregard of Plaintiff's registered copyrights.

29. As a result of its wrongful conduct, Defendant are liable to Plaintiff for copyright infringement. 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill. Plaintiff is entitled to recover damages, which include its own losses and any and all profits that Defendant have made as a result of its wrongful conduct. 17 U.S.C. § 504.

30. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all Plaintiff's embroidery designs that Defendant are advertising, marketing, selling, duplicating, reproducing, and/or otherwise distributing, pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for Defendant wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable property that have no readily determinable market value, (b) Defendant infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award, and Defendant wrongful conduct, and the resulting damage to Plaintiff, is continuing. Plaintiff is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## CLAIMS FOR RELIEF

### COUNT ONE
### COPYRIGHT INFRINGEMENT

31. Great Notions refers to and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of the Complaint.

32. Based on information and belief Great Notions alleges that the acts of Defendant constitute infringement of the copyrights held by Great Notions in violation of the U.S.

Copyright Act, 17 U.S.C. §§ 101, *et seq*. Great Notions is informed and believes and thereon alleges that Defendant's marketing, advertising, reproducing, copying, selling, publishing, and distribution of the software embroidery Designs in auctions conducted at http://www.eBay.com owned and controlled by Defendant was deliberate, willful, malicious, and without regard to Great Notions' proprietary rights.

33. Defendant's copyright infringement has caused and will continue to cause Great Notions to suffer substantial and irreparable injuries, loss, and damage to its proprietary and exclusive rights in the Designs. Defendant's conduct has also damaged Great Notions' business goodwill, diverted its trade, and caused a substantial loss of profits, all in an amount not yet ascertained.

## COUNT TWO
## REQUEST FOR INJUNCTIVE RELIEF

34. Great Notions refers to and incorporates by reference the factual allegations contained in Paragraphs 1 through 30 of the Complaint.

35. Defendant have violated 17 U.S.C. §501, *et seq.*, and Great Notions is entitled to injunctive relief under 17 U.S.C. § 502(a). By their actions Defendant are causing irreparable harm to Plaintiff's business. Plaintiff seeks to enjoin the Defendant and their agents and representatives, during the pendency of this action from copy, marketing, reproduce, duplicate, publishing, trade, disseminate, sell, and/or otherwise distribute the embroidery designs copyrighted by the Plaintiff because this activity infringes on Plaintiff's copyrighted embroidery designs.

36. Such actions were undertaken by Defendant with malice, viciousness, willfulness, callousness, contemptibly and wantonness toward Plaintiff. There is substantial likelihood that Plaintiff will prevail on the merits of this case. Plaintiff has proof of sales by the

Defendant of the copyrighted works to Plaintiff's representatives which infringe upon the copyrights of the Plaintiff. If the Court does not grant a preliminary injunction, Defendant will continue their activities that infringe upon the Plaintiff's copyrights. If the Court does not intervene and if Defendant are not restrained from copy, marketing, reproduce, duplicate, publishing, trade, disseminate, sell, and/or otherwise distributing the embroidery designs owned by the Plaintiff. Plaintiff will suffer immediate and irreparable harm whereby there is no adequate remedy at law. Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction as more specifically set forth in the following paragraph, and the injunction will prevent irreparable injury to the Plaintiff. The Plaintiff asks the Court to set their request for preliminary injunction for hearing at the earliest possible time and after hearing the request, issue a preliminary injunction against the Defendant.

37. Great Notions requests that the Court issue a permanent injunction enjoining and restraining Defendant, their agents, employees, associates, representatives, partners and any person acting in concert with them or participation who receive actual notice of the injunction by personal service or otherwise, from doing, abiding, causing, or abetting any of the following:

(a) engaging in any acts or activities directly or indirectly calculated to infringe upon Action Tapes, Great Notions or Amazing Designs' copyrights in its embroidery designs;

(b) directly or indirectly using or distributing any duplication or reproduction of Action Tapes, Great Notions or Amazing Designs' embroidery designs;

(c) trading, posting, uploading, downloading, soliciting, exchanging, selling, scanning, soliciting or accepting donations for, and/or dealing with in any manner whatsoever, any and all of Action Tapes, Great Notions or Amazing Designs' software embroidery Designs; and

(d) participating in any website, internet service, Usenet, e-mail group, peer to peer, or other computer or computer-assisted methodology for the purpose of trading, posting, uploading, downloading, soliciting, exchanging, selling, scanning or dealing with in any other manner whatsoever, any embroidery Designs, or allowing, encouraging, cooperating, aiding, abetting or assisting other persons in doing these things.

# COUNT THREE
## LANHAM ACT VIOLATIONS

38. Great Notions refers to and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of the Complaint.

39. Upon information and belief, the Defendant published and used registered copyrights of Plaintiff's without authority or authorization from Plaintiff in false or misleading advertising. The Defendant entered the products and advertising into commerce and mislead or confused third parties as to the origin of the embroidery designs. This insertion into commerce and the misrepresentation as to the origin of the designs caused damage to the Plaintiff. Defendant violated Section 32 of the Lanham Act and 15 U.S.C. §1125. Defendant intentionally sold and distributed Plaintiff's copyrighted embroidery designs through their advertising, or a reproduction, counterfeit or copy of the registered designs in connection with the sale, . . . or the use of any false designation of origin, false or misleading description of fact or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive the public in commerce. The use of Plaintiff's registered embroidery designs by Defendant was likely to cause confusion, mistake on to deceive the public as to Plaintiff's ownership and origin of the embroidery designs. Defendant intentionally "palmed off" the Plaintiff's embroidery designs as their own designs. Defendant are a competitor of the Plaintiff. In addition, Defendant had knowledge that the use of Plaintiff's copyrighted embroidery designs were to be used to deceive or cause confusion to third parties of the products of a competitor.

40. Further, Defendant intentionally published Plaintiff's designs in connection with their goods or services with a false description or misleading representation, including words or other symbols tending falsely to describe or represent the status of the designs. Such usage was likely to cause confusion, mistake or to deceive third parties as to Plaintiff's

products, services or commercial activities. Defendant have violated 15 U.S.C. §1125. Such dissemination to Third Parties by Defendant was in bad faith. Defendant have harmed Plaintiff's good will and standing in the embroidery design community.

41. Defendant intentionally published Plaintiff's copyrighted designs in commercial advertising or promotion which misrepresents the nature, characteristics or qualities of Great Notions or Amazing Designs goods, services or commercial activities. Defendant have violated Section 43 of the Lanham Act, 15 U.S.C. §1125. Plaintiff's damage is of such a magnitude as to be nearly incomprehensible. It was Defendant's intent to profit from the usage of the registered copyrights belonging to Plaintiff. Defendant's unauthorized use of Plaintiff's copyrights are a violation of the Lanham Act and Plaintiff seeks damages pursuant to the Lanham Act. Defendant's actions and conduct have damaged Plaintiff in an amount in excess of $1,000,000.00.

## COUNT FOUR
## TEXAS FREE ENTERPRISE AND ANTITRUST ACT

42. Great Notions refers to and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of the Complaint.

43. Defendant sold, offered for sale, purchased, exchanged and distributed the Plaintiff's copyrighted embroidery designs. Defendant advertised the Plaintiff's copyrighted embroidery designs. These activities were undertaken in whole or in part for the purpose of financial gain by the Defendant. These activities of the Defendant were a restraint on trade and commerce. The economic competition in trade and commerce occurred partly within the State of Texas. The Defendant published, offered for sale, advertised, sold, produced and distributed the embroidery designs to the citizens of Texas. The Defendant's activities have violated the Texas Free Enterprise and Antitrust Act of 1983.

## COUNT FIVE
## CONSTRUCTIVE TRUST

44. Great Notions refers to and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of the Complaint.

45. Defendant conduct constitutes deceptive, fraudulent, and wrongful conduct in the nature of passing off the unauthorized selling, distributing, marketing and advertising of Plaintiff's embroidery designs. By virtue of Defendant' wrongful conduct Defendant have illegally received money and profits that rightfully belong to Plaintiff. Upon information and belief, Defendant holds the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced. Defendant holds the money and profits they have illegally received as constructive trustees for the benefit of Plaintiff.

## COUNT SIX
## ACCOUNTING

46. Great Notions refers to and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of the Complaint.

47. Plaintiff is entitled, pursuant to   17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to their acts of infringement. Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendant' acts of infringement. The amount of money due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendant of the precise number of infringing materials offered for distribution and distributed by Defendant.

## COUNT SEVEN
## PUNITIVE AND EXEMPLARY DAMAGES

48. Great Notions refers to and incorporates by reference the factual allegations contained in paragraphs 1 through 30 of the Complaint.

49. Plaintiff asserts the conduct of Defendant, as set out above, were willful, deceitful and malicious. Therefore, Plaintiff seeks to recover punitive and exemplary damages in an amount sufficient to deter such willful, deceitful and malicious conduct in the future.

50. Plaintiff seeks three (3) times such amount as actual damages as set forth under the Lanham Act.

## ATTORNEY'S FEES

51. As a result of Defendant's violations of 17 U.S.C. § 505, the Lanham Act, 15 U.S.C § 1125 and the Texas Free Enterprise and Antitrust Act of 1983, Plaintiff has retained the undersigned attorney to represent them in this matter, and to prosecute this claim on their behalf. Plaintiff is entitled to recover their reasonable attorneys fees incurred by them in connection with the prosecution of their claims through trial.

52. Plaintiff would further show that in the event the case is appealed to the Court of Appeals that Plaintiff would be entitled to reasonable attorney's fees in an amount not less than $70,000.00. In the event the case is appealed to the U.S. Supreme Court, Plaintiff would be entitled to a reasonable attorney's fees of not less than an additional $50,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that Defendant be cited to appear and answer herein, that on final hearing hereof, the Court enter judgment in its favor and against Defendant and declare that Defendant have committed copyright infringement pursuant to 17 U.S.C. §501 and unfair competition, 15 U.S.C §1125, violated the Lanham Act and the Texas Free Enterprise and Antitrust Act of 1983 ;

1. That Defendant be ordered to pay the greater of: (a) Great Notions' actual damages incurred as a result of Defendant's infringement and any additional profits of Defendant attributable to the infringement; or (b) statutory damages;

2. Plaintiff is awarded monetary damages against the Defendant for violations of 17 U.S.C. §501 and unfair competition, 15 U.S.C §1125, the Lanham Act and the Texas Free Enterprise and Antitrust Act of 1983;

3. That the Court enter an order declaring that Defendant hold in trust, as constructive trustees for the benefit of Plaintiff, Defendant illegal profits obtained from its improper advertising, marketing, selling and distributing of Plaintiff's embroidery designs and software;

4. That the Court enter an order requiring Defendant to provide Plaintiff a full and complete accounting of all profits obtained from Defendant improper advertising, marketing, selling and distributing of Plaintiff's embroidery designs and software;

5. Injunctive relief against Defendant for their usage of Plaintiff's registered copyrights. Specifically, that Defendant their agents, employees, associates, representatives, partners and any person acting in concert with them or participation who receive actual notice of the injunction by personal service or otherwise, from doing, abiding, causing, or abetting any of the following:

    (a) engaging in any acts or activities directly or indirectly calculated to infringe upon Action Tapes, Great Notions or Amazing Designs' copyrights in its embroidery designs;

    (b) directly or indirectly using or distributing any duplication or reproduction of Action Tapes, Great Notions or Amazing Designs' embroidery designs;

    (c) trading, posting, uploading, downloading, soliciting, exchanging, selling, scanning, soliciting or accepting donations for, and/or dealing with in any manner whatsoever, any and all of Action Tapes, Great Notions or Amazing Designs' software embroidery Designs; and

    (d) participating in any website, internet service, Usenet, e-mail group, peer to peer, or other computer or computer-assisted methodology for the purpose of trading, posting, uploading, downloading, soliciting, exchanging, selling, scanning or dealing with in any other manner whatsoever, any embroidery Designs, or allowing, encouraging, cooperating, aiding, abetting or assisting other persons in doing these things. cooperating, aiding, abetting or assisting other persons in doing these things.

6. That Defendant return to Great Notions any and all Great Notions and/or Amazing Designs embroidery Designs in their possession or control, in every form or variety, as well as any derivative designs.

7. Defendant is to provide to Great Notions within five (5) days from entry of a final Order a listing and identification of all persons or entities that they distributed any embroidery designs.

8. Punitive and exemplary damages for the malicious conduct of Defendant in their business dealings with Plaintiff in an amount not less than $3,000,000.00;

9. Prejudgment and postjudgment interest which may be allowed by law;

10. Reasonable attorney fees as set forth herein;

11. Costs of Court; and

12. Such other and further relief, at law or in. equity, to which Plaintiff may show itself to be justly entitled.

SIGNED this the 13th day of May, 2005 in Dallas Texas.

*Carole Faulkner*

Carole A. Faulkner
TSB # 06855150
Action Tapes, Inc.
2751 Electronic Lane
Dallas, TX 75220
Telephone 214.352.6940
Facsimile 214.352.7249
cfaulkner@greatnotions.com
**ATTORNEY FOR PLAINTIFF**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ACTION TAPES, INC. dba GREAT NOTIONS aka AMAZING DESIGNS

**DEFENDANTS**
JOHN VALENTINE

(b) County of Residence of First  DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____  ORIGINAL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
CAROLE A. FAULNER
2751 Electronic Lane
Dallas, TX 75220
214.352.6940

Attorneys (If Known)

RECEIVED MAY 26 2005 DISTRICT COURT DISTRICT OF TEXAS

3-05CV-1086P

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
X 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | X 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. § 101 et seq, and 15 U.S.C. § 1125 et seq copyright infringement and unfair competition.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____